"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORDYCE,<br><br>          Plaintiff,<br><br>   v.<br><br>FRYE, et al.,<br><br>          Defendants. | Case No. 24-cv-07830-SVK<br><br>**ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the following officials at the Pelican Bay State Prison ("PBSP"): Head Psychologist Dr. Frye, Head Psychologist Dr. Rush, "Head PCM II" Danielle Wood, and Canteen "Free Staff" "Jermy." (ECF No. 1 at 2.) Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, Plaintiff has not stated a cognizable claim for relief and is granted leave to file an amended complaint.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### LEGAL CLAIMS

Plaintiff alleges she is a transgender inmate at PBSP.  She alleges the canteen does not carry "gender affirming cosmetics."  (ECF No. 1 at 2.)  She also alleges "the mental health doctors" have discriminated against her "about being a transgender woman" on two occasions. (*Id.*)  She further alleges she is being discriminated against because there is no "official policy pertaining to housing any transgender inmates."  (*Id.* at 3.)

Plaintiff's allegations, even when liberally construed, do not state a cognizable claim for relief because Plaintiff does not allege facts showing how any of the named Defendants were involved in the violation of her rights.  "A plaintiff must allege facts . . . that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Simply alleging that the canteen generally does not provide cosmetics, for example, does not allege how any of the individual Defendants was personally involved in denying her cosmetics.  Similarly, the allegation

that the mental health professionals discriminated against her is both conclusory and does not describe how any of the Defendants was personally involved in her suffering discrimination. Lastly, it is not plausible that the mental health and canteen officials named as Defendants played any role in setting housing policy or had the authority to change it. To state a cognizable claim against Defendants, Plaintiff must allege what actions each of them took or failed to take, and on what occasions, that caused her to suffer unlawful discrimination.

Plaintiff will be granted leave to file an amended complaint to cure the deficiencies in her claims.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff shall file an amended complaint on or before **February 14, 2025**. The amended complaint **must** include the caption and civil case number used in this order (No. C 24-7830 SVK (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; she must include in her amended complaint all the claims she wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order may result in dismissal of this case.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." She also must comply with the Court's orders in a timely fashion, although she may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Dated: January 17, 2025

Susan van Keulen
United States Magistrate Judge

3